# In the United States Court of Federal Claims

No. 12-788C
(Filed: November 27, 2012)

```
**************************************
THOMAS M. BRADDY, JR.,              *
                                    *
                Plaintiff,          *
                                    *
   v.                               *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
**************************************
```

## ORDER OF DISMISSAL

On November 19, 2012, plaintiff Thomas M. Braddy, Jr., a federal inmate proceeding pro se, filed a complaint alleging that the United States breached its obligation not to place him in the same prison as his criminal codefendants. Plaintiff also filed an application to proceed in forma pauperis. For the reasons set forth below, the court grants the application to proceed in forma pauperis but dismisses plaintiff's complaint for lack of jurisdiction.

## I. BACKGROUND

In May 2007, plaintiff entered into a plea agreement with the United States in which he agreed to plead guilty to three felony charges in violation of Title 18 of the United States Code: bank fraud conspiracy, aggravated identity theft, and money laundering.[1] He was sentenced to a 124-month term of imprisonment, which he is currently serving. In January or February 2010, the United States placed plaintiff and one of his codefendants in the same prison. By doing so, plaintiff alleges, the United States breached both the plea agreement and its obligations to keep plaintiff separated from his codefendants under the federal prisons' Central Inmate Monitoring System.[2]

---

[1] The court derives the facts in this section from the complaint, the plea agreement in United States v. Braddy, No. 4:07-cr-00048-RBS-TEM-1 (docket entry 21), and the following court decisions: Braddy v. Fox, 76 F. App'x 51 (5th Cir. 2012) (per curiam); Braddy v. Fox, No. 1:10cv401, 2012 WL 5002171 (E.D. Tex. Oct. 17, 2012); and Braddy v. Fox, No. 1:10cv401, 2011 WL 4399820 (E.D. Tex. Sept. 21, 2011).

[2] The United States Bureau of Prisons uses the Central Inmate Monitoring System to "monitor[] and contol[] the transfer, temporary release . . . , and community activities of certain

It appears that plaintiff previously raised his breach of contract allegations in a petition for a writ of habeas corpus that he filed in the United States District Court for the Eastern District of Texas in 2010.[3] In his petition, plaintiff contended that he was deprived of the effective assistance of counsel, he was innocent of the money laundering charge, his sentence was inappropriately enhanced, the United States breached the plea agreement, and court interfered with the United States' performance. The district court found that plaintiff's claims lacked merit and denied the petition. On appeal, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed the bulk of the district court's decision, but remanded the case to the district court, directing the court to specifically address plaintiff's claim that the United States breached the plea agreement. In its remand decision, the district court again denied plaintiff's petition, finding that it lacked jurisdiction over the claim; that, alternatively, the claim failed on its merits; and that, in any event, the claim was moot because plaintiff was transferred to a different facility before he filed his petition. Plaintiff's appeal of that decision is pending before the Fifth Circuit.

In addition to his breach of contract claims, plaintiff alleges that by placing him in the same prison as one of his codefendants, the United States deprived him of his constitutional right to due process and violated his civil rights under 28 U.S.C. §§ 1981 and 1985. He also alleges that he was improperly denied a writ of habeas corpus. In his prayer for relief, plaintiff seeks an order directing the district and appellate courts to expedite his case; all relevant benefits arising from the United States Constitution, his plea agreement, and the Central Inmate Monitoring System; the "absolute right to 'sovereignty' and to extinguish 'citizenship'"; $8,000,000 in "real" damages; $20,000,000 in compensatory damages; "[a]ny and all other incidents or commercial commerce"; and all other relief the court deems just and proper.

---

inmates who present special needs for management." 28 C.F.R. § 524.70 (2012). Central Inmate Monitoring cases fall into several categories, including "Separation." "Separation" cases are defined as: "Inmates who may not be confined in the same institution (unless the institution has the ability to prevent any physical contact between the separatees) with other specified individuals who are presently housed in federal custody or who may come into federal custody in the future." Id. § 524.72(f).

[3] In an earlier complaint filed in the United States Court of Federal Claims ("Court of Federal Claims"), plaintiff alleged that the United States breached the same plea agreement on other grounds: the district court judge who approved the agreement did not adopt the prosecutor's recommendation of a forty-five-percent sentence reduction. Braddy v. United States, No. 09-481C, slip op. at 1 (Fed. Cl. Oct. 14, 2009).

## II. DISCUSSION

### A. Jurisdiction in the United States Court of Federal Claims

Whether the court has jurisdiction to decide the merits of a case is a threshold matter.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).  "Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868).  The parties or the court on its own initiative may challenge the existence of subject matter jurisdiction at any time.  Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

When considering whether to dismiss a complaint for lack of jurisdiction, a court assumes that the allegations in the complaint are true and construes those allegations in plaintiff's favor.  Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995).  A pro se plaintiff's complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' . . . ."  Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  However, a pro se plaintiff is not excused from meeting basic jurisdictional requirements.  See Henke, 60 F.3d at 799 ("The fact that [the plaintiff] acted pro se in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").  In other words, a pro se plaintiff is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988).

The ability of the Court of Federal Claims to entertain suits against the United States is limited.  "The United States, as sovereign, is immune from suit save as it consents to be sued."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  The waiver of immunity "cannot be implied but must be unequivocally expressed."  United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States, not sounding in tort, that are founded upon the United States Constitution, a federal statute or regulation, or an express or implied contract with the United States.  28 U.S.C. § 1491(a)(1) (2006).  However, the Tucker Act is merely a jurisdictional statute and "does not create any substantive right enforceable against the United States for money damages."  United States v. Testan, 424 U.S. 392, 398 (1976).  Instead, the substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States."  Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

**B.  The United States as Defendant**

As an initial matter, the court addresses plaintiff's claims against the bevy of public officials he identified in his complaint, including federal judges, federal prosecutors, and federal prison officials.  It is well settled that the United States is the only proper defendant in the Court of Federal Claims.  See 28 U.S.C. § 1491(a)(1) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); R. U.S. Ct. Fed. Cl. 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual.").  This court does not possess jurisdiction to hear claims against individual federal government officials.  See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").  Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court."  Sherwood, 312 U.S. at 588.  Accordingly, the court lacks jurisdiction over plaintiff's claims against all parties other than the United States.

**C.  Breach of the Plea Agreement**

Plaintiff first contends that the United States' failure to keep him separate from his codefendants constitutes a breach of his plea agreement.  The Tucker Act recognizes explicitly that express or implied contracts with the United States can provide the basis for jurisdiction in this court, 28 U.S.C. § 1491(a)(1), and a written plea agreement is properly characterized as an express contract, Sanders v. United States, 252 F.3d 1329, 1334 (Fed. Cir. 2001).  However, while a plea agreement is specifically enforceable, money damages are available for a breach only if the agreement "clearly and unmistakably subjects the government to monetary liability for any breach."  Id. at 1335; accord Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981); Phang v. United States, 87 Fed. Cl. 321, 328-30 (2009), aff'd, 388 F. App'x 961 (Fed. Cir. 2010).  Moreover, "claims for breach of plea agreements and other agreements unique to the criminal justice system should be brought in the courts in which they were negotiated and executed," and not in the Court of Federal Claims.  Sanders, 252 F.3d at 1336; see also Kania, 650 F.2d at 268 (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court").  A review of plaintiff's plea agreement with the United States reveals that it does not require the United States to pay money damages in the event of a breach.  Accordingly, the court lacks jurisdiction over plaintiff's allegation that the United States breached the plea agreement.

**D.  Breach of the Obligations Under the Central Inmate Monitoring System**

Plaintiff similarly alleges that the United States agreed to keep plaintiff separated from his codefendants under the Central Inmate Monitoring System, and by failing to do so breached

an implied contract. To establish the existence of a contract with the United States–whether express or implied–plaintiff must demonstrate "(1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." Suess v. United States, 535 F.3d 1348, 1359 (Fed. Cir. 2008). However:

> An agency's performance of its regulatory or sovereign functions does not create contractual obligations. Rather, there must be an objective manifestation of voluntary, mutual assent . . . . To satisfy its burden to prove such a mutuality of intent, a plaintiff must show, by objective evidence, the existence of an offer and a reciprocal acceptance.

Id. at 1360 (citations and internal quotation marks omitted). The regulations governing the Central Inmate Monitoring System reflect that a "separation" classification is not an expression of a mutual intent to contract. Rather, the classification is a one-sided determination by prison officials over which an inmate has no control. See 28 C.F.R. § 524.73(a) (reflecting that an initial classification is made by prison officials and then documented in the inmate's record); cf. id. § 524.76 (noting that an inmate may object to a classification once it is made by filing an appeal with the Administrative Remedy Program). Thus, the classification of plaintiff or one of his codefendants could not constitute an offer to which United States expected a response. Without an offer, there can be no contract, and in the absence of a contract, the court lacks jurisdiction over plaintiff's claim that the United States breached contractual obligations under the Central Inmate Monitoring System.[4]

---

[4] It bears noting that the courts that have addressed claims that the United States acted in contravention of a Central Inmate Monitoring classification have treated those claims as constitutional claims or tort claims. See Parrott v. United States, 536 F.3d 629, 636-39 (7th Cir. 2008) (analyzing the plaintiff's allegation that he should have been separated from another inmate under the Central Inmate Monitoring System as a tort claim); Babcock v. White, 102 F.3d 267, 268-73 (7th Cir. 1996) (addressing the plaintiff's claim that prison officials failed to keep him separate from other inmates under the Eighth Amendment to the United States Constitution); see also Roque v. United States, No. 3:09cv533 (JBA), 2012 WL 603271, at *4 (D. Conn. Feb. 24, 2012) ("The Government breaches its duty of care if prison staff fails to keep two inmates separate . . . ."). To the extent that plaintiff's claim can be construed as a tort claim or a claim arising under the Eighth Amendment to the United States Constitution, this court lacks jurisdiction. See 28 U.S.C. § 1491(a)(1) (excluding claims sounding in tort from the jurisdiction of the Court of Federal Claims); Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment is not a money-mandating provision." (internal quotation marks omitted)); Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998) ("To the extent that . . . allegations sound in tort, the Court of Federal Claims lacks jurisdiction under the Tucker Act . . . .").

## E. Other Allegations

In addition to his breach of contract claims, plaintiff alleges that the United States deprived him of his constitutional right to due process, violated his civil rights under 28 U.S.C. §§ 1981 and 1985, and improperly denied him a writ of habeas corpus. The Court of Federal Claims lacks jurisdiction over claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because neither clause is money-mandating. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments "do not trigger Tucker Act jurisdiction in the courts"). The court also lacks jurisdiction to entertain claims based on 42 U.S.C. §§ 1981 and 1985. See Marlin v. United States, 63 Fed. Cl. 475, 476 (2005) ("[T]he Court does not have jurisdiction to consider civil rights claims brought pursuant to 42 U.S.C. §§ 1981, 1983, or 1985 because jurisdiction over claims arising under the Civil Rights Act resides exclusively in the district courts."). And, because a writ of habeas corpus may only "be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions," 28 U.S.C. § 2241(a), the Court of Federal Claims is not empowered to entertain habeas petitions. See Ledford v. United States, 297 F.3d 1378, 1381 (Fed. Cir. 2002). Moreover, the court lacks the authority to review a district court's decision denying a habeas petition; that authority lies with the federal courts of appeal. See generally U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 27 (1994) ("Congress has prescribed a primary route, by appeal as of right and certiorari, through which parties may seek relief from the legal consequences of judicial judgments. To allow a party who steps off the statutory path to employ . . . [a] collateral attack on the judgment would–quite apart from any considerations of fairness to the parties–disturb the orderly operation of the federal judicial system."); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."). In sum, the court lacks jurisdiction over all of plaintiff's claims.

## F. Application to Proceed In Forma Pauperis

Plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[5] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in

---

[5] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of section 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted

forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress.  Id.  Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined."  Id. § 1915(a)(2).

Plaintiff has satisfied most of the requirements by stating his lack of income and assets, declaring that he is unable to pay the filing fee, and submitting a statement from the detention facility reflecting an account balance of $17.12.  He does not, however, state the nature of his action in his application.  Nevertheless, because his complaint contains a sufficient description of his claim, the court concludes that plaintiff has satisfied all of the statutory requirements.  The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee.

Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full.  Id. § 1915(b).  Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his complaint.  Id. § 1915(b)(1).  Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account.  Id. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full.  Id.

### III.  CONCLUSION

For the reasons set forth above, the court **DISMISSES** plaintiff's complaint for lack of jurisdiction.  In addition, the court **GRANTS** plaintiff's application to proceed in forma pauperis, but directs plaintiff to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as set forth above.  The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

MARGARET M. SWEENEY
Judge

the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to section 1915).